IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Lary Feezor,                        )
                                    )   2:09-cv-03324-GEB-CMK
            Plaintiff,              )
                                    )
     v.                             )   ORDER
                                    )
GOLDEN BEAR RESTAURANT GROUP,       )
INC., dba ARBY'S; A&R INVESTMENT    )
COMPANY; CARISCH, INC. dba          )
ARBY'S; CARISCH BROTHERS, L.P.      )
dba ARBY'S,                         )
                                    )
            Defendants.             )
_____    )
```

On February 16, 2012, Defendant A&R Investment Company ("Defendant") filed a motion for relief from the scheduling order under Federal Rule of Civil Procedure ("Rule") 16(b)(4). (ECF No. 54.) Specifically, Defendant requests that the Court amend the February 6, 2012 law and motion hearing deadline so that Defendant could file a motion in which it seeks to have co-Defendants Golden Bear and Carisch Brothers defend and indemnify it in this action. No party has opposed Defendant's motion.

Rule 16(b)(4) prescribes: "A schedule may be modified only for good cause and with the judge's consent." "The schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

1	Defendant argues it "had only 31 'work' days to prepare this motion, obtain declarations, review the case files, correspondence, pleadings, documents dating back to November 30, 2009[,] and research the law before the hearing cut off [sic] date of February 6, 2012. Moreover it was over the holidays, and during an incredibly busy time at [Defendant's] law firm." (Def.'s Mot. 5:55-6:1.) However, Defendant also states that in April 2010, Defendant's former attorney "inquired as to the status of [Defendants Golden Bear and Carisch Brothers'] willingness to defend and indemnify [Defendant]." Id. 3:5-7. Further, Defendant asserts that on November 17, 2011, it "sent a detailed letter to [Defendants Golden Bear and Carisch Brothers], where [it] . . . cited seminal case law establishing that [Defendant] was being generous with its offer because as a matter of law [D]efendant Carisch Brothers [was] required to defend and indemnify it." Id. 4:24-5:2.

Since it is evident that Defendant's counsel has know about the duty to defend and indemnify issue since at least April 2010, Defendant has not demonstrated that it acted with diligence in complying with the deadline in the scheduling order it seeks to amend. Further, Defendant has now shown that it sought to litigate the matter in a timely manner after Defendant was apprised of the facts it contends justify the amendment it seeks. The motion record is silent concerning when Defendant first became aware of the defend and indemnify issue. Since Defendant has not shown that good cause justifies amending the scheduling order, Defendant's motion is DENIED.

Dated:  March 14, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

2