IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR,<br><br>            Plaintiff,<br><br>  v.<br><br>GOLDEN BEAR RESTAURANT GROUP,<br>INC. dba ARBY'S; A & R<br>INVESTMENT COMPANY; CARISCH,<br>INC. dba ARBY'S; CARISCH<br>BROTHERS, L.P. dba ARBY'S,<br><br>           Defendants.<br>_____<br><br>AND RELATED CROSS-CLAIM<br>_____ | 2:09-cv-03324-GEB-CMK<br><br><br>ORDER ON MOTIONS IN LIMINE |

         Plaintiff and Defendant/Cross-Claimant A & R Investment Company ("A & R") move in limine for an order seeking to preclude the admission of certain evidence at trial. The parties' motions are addressed below.

    **A.**    **Plaintiff's Motions in Limine**

         **Motion in Limine No. 1**

         Plaintiff seeks to prevent defense counsel "from making disparaging remarks against the plaintiff, his counsel, their motives, or ADA litigation in general in the presence of the jury." (Pl.'s Mot. in Limine ("MIL") No. 1, 4:6-9.)

         Since it is unclear what evidence is involved in this motion, it is DENIED. See United States v. Perry, No. CR-06-0098-EFS, 2007 WL 655507, at *4 (E.D. Wash. Feb. 27, 2007)(denying motion in limine which

concerned "misleading" evidence as "too vague"); see also Weiss v. La Suisse, Society D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003)(denying motion to exclude evidence for a "lack[] of specificity[,]" stating "[n]o particular documents or testimony have been identified in the motion").

**Motion in Limine No. 2**

Plaintiff seeks to exclude "testimony or evidence regarding [Plaintiff's past Americans with Disabilities Act ("ADA")] lawsuits and prior settlements," arguing such evidence "is not relevant to any claim or contention in the present case." (Pl.'s MIL No. 2, 2:18-20, 3:3-4.) Plaintiff also argues such evidence should be excluded under Federal Rule of Evidence ("FRE") 403 because of its prejudicial nature and the consumption of time that would be necessitated by Plaintiff having to "discuss the validity and merits of each of those lawsuits." Id. at 4:15-19, 8:2-13.

A & R rejoins that "Plaintiff's motion seeks to prevent Defendant A & R from negating one of the elements that Plaintiff must prove in order to prevail on his claim[,]" i.e. that he was discriminated "on the basis of disability in the full and equal *enjoyment* of the goods, services, . . . or accommodations of any place of public accommodation[.]" (Opp'n to Pl.'s MIL No. 2, 2:7-10 (internal quotation marks omitted).) A & R argues, "Plaintiff Lary Feezor is a vexatious litigant. He cannot prove he intended to use and 'enjoy' the goods and services at Arby's on the day in question, which is part of the essential elements of his case in chief." Id. at 3:19-21. A & R further counters that Plaintiff's "litigiousness is admissible because it is relevant to [his] state of mind[,] . . . as well as his

2

1 credibility and modus operandi (i.e. [he] makes a living suing
2 businesses under the ADA)." Id. at 4:16-24.
3    "As a general matter, unless . . . prior lawsuits have been
4 shown to be fraudulent, the probative value of evidence pertaining to a
5 plaintiff's litigation history is substantially outweighed by the danger
6 of jury bias." Henderson v. Peterson, No. C 07-2838 SBA (PR), 2011 WL
7 2838169, at *5 (N.D. Cal. July 15, 2011); see also Moleski v. M.J.
8 Cable, Inc., 481 F.3d 724, 728 n.3 (9th Cir. 2007)(commenting on the
9 trial court's admission of the plaintiff's ADA litigation history and
10 stating that such evidence "appear[s] to be irrelevant or at least far
11 more prejudicial than probative").

> "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent[. A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice[.]"

17 Seals v. Mitchell, No. CV 04-3764 NJV, 2011 WL 1399245, at *5 (N.D. Cal.
18 Apr. 13, 2011)(quoting Outley v. City of New York, 837 F.2d 587, 592 (2d
19 Cir. 1988))(internal quotation marks, ellipses and brackets omitted).

20    In light of these FRE 403 considerations, and since A & R has
21 not shown that any of Plaintiff's past ADA lawsuits were fraudulent, the
22 motion is GRANTED.

**Motion in Limine No. 3**

24    Plaintiff seeks to exclude "evidence regarding the amount of
25 statutory . . . damages he will receive if [Defendants] are found liable
26 for violating state and federal disabled access standards[.]" (Pl.'s MIL
27 No. 3, 2:3-6.) Plaintiff states "[he] is seeking the statutory *minimum*
28 amount of damages he is entitled to receive under California law for

each occasion that his rights were violated[, which] . . . is not a question of fact but, rather, a conclusion of well-established law." Id. at 2:11-14. Plaintiff argues "[t]he jury's only function is to determine the number of occasions that [Plaintiff] was denied public accommodation on the basis of disability[.]" Id. at 2:16-19. Once that is determined, Plaintiff argues "the amount of statutory damages [Plaintiff] receives becomes a simple question of multiplication." Id. at 2:22-24. Plaintiff further argues that if the jury knows the amount of minimum statutory damages he will automatically receive per occasion, "the risk of jurors impermissibly focusing on the amount of damages [he] will receive - instead of the number [of] occasions he was discriminated against - increases dramatically." Id. at 2:25-3:2.

A & R rejoins that Plaintiff provides no authority to support his position, and that his "motive is transparent[; h]e simply wants to maximize the damages for his client." (Opp'n to Pl.'s MIL No. 3, 2:3-4, 2:7.) A & R further argues that "[i]t is . . . counterintuitive that a jury cannot assess damages" since they "perform that function all the time." Id. at 2:11-12.

Although Plaintiff states in this in limine motion that he is seeking the statutory minimum amount of damages he is entitled to recover under California law, the parties' proposed Joint Statement of the Case, which was filed after Plaintiff filed this in limine motion, indicates that Plaintiff is seeking damages for "an actual injury (emotional distress)[.]" (ECF No. 88, 2:16-19.)

Since it is unclear whether Plaintiff is seeking to recover actual damages greater than the statutory minimum permitted under state law, the Court does not reach the merits of Plaintiff's arguments. Therefore, the motion is DENIED.

4

**Motion in Limine No. 4**

Plaintiff seeks to prevent "Arby's . . . from presenting any evidence that relates to any defense that should be pled as an affirmative defense, but for which they failed to plead." (Pl.'s MIL No. 4, 3:15.)

It is unclear against which defendants this in limine motion is directed. Further, the motion is vague and overbroad; no particular testimony or documents are sought to be excluded. Therefore, the motion is DENIED.

**Motion in Limine No. 5**

Plaintiff requests "an Order preventing testimony or evidence regarding [potential court-awarded] attorney fees[.]" (Pl.'s MIL No. 5, 2:12-17.) Plaintiff argues such evidence is irrelevant "to any claim or contention in the present case[,]" should be precluded under Rule 403, and is "improper for attorney[] . . . comment" under Ninth Circuit law, Brooks v. Cook, 938 F.2d 1048, 1051 (9th Cir. 1991). Id. at 2:19-26, 4:3-7.

A & R counters that "[t]he jury should be informed of the consequences of its decision . . . [to] help them make an informed decision." (Opp'n to Pl.'s MIL No. 5, 2:3-4.) A & R further argues that it "should be able to mention attorney's fees to the jurors" since "Courts recognize that the ADA is often used as a scheme to extort quick settlements and provide plaintiff's attorneys exorbitant fees[.]" Id. at 3:4-6.

As stated by the Ninth Circuit in the context of a § 1983 civil rights action, "[t]he award of attorneys' fees is a matter of law for the judge, not the jury." Brooks, 938 F.2d at 1051.

> The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. By informing the jury of the plaintiff's right to seek attorneys' fees . . . , the court invite[s] the jury to factor in a subsequent step-the court's calculation of the ultimate judgment-that ha[s] no relevance to the jury's determination of liability and damages.
>
> Furthermore, . . . informing the jury of the possibility of fees could result in prejudice to the plaintiff[.]

Id.; see also Redwood Christian Schools v. Cnty. of Alameda, No. C-01-4282 SC, 2007 WL 214317, at *2 (N.D. Cal. Jan. 26, 2007)(granting motion in limine to exclude evidence of availability of attorneys fees, stating "[such] evidence is irrelevant and . . . unfairly prejudicial").

For the stated reasons, the motion is GRANTED.

**B.   A & R's Motions in Limine**

**Motion in Limine No. 1**

A & R seeks to "forbid[] Cross-Defendants Carisch, Inc., DBA Arby's[;] Carisch Brothers L.P., DBA Arby's[;] and Golden Bear Restaurant Group, Inc. [("Cross-Defendants")] from offering evidence, . . . which was withheld from [A & R] during discovery[,]" arguing "evidence wrongfully withheld . . . during discovery cannot be used against A & R at trial." (A & R's MIL No. 1, 2:2-6.)

This motion is over-broad and vague, and is therefore DENIED. See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010)("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."); see also Lego v. Stratos Intern., Inc., No. C 02-03743 JW, 2004 WL 5518162, at *1 (N.D. Cal. Nov. 4, 2004)(denying motion in limine to preclude

opinion testimony by any person who was not properly disclosed as an expert as "too vague").

**Motions in Limine Nos. 2 & 3**

A & R seeks to exclude Plaintiff and Cross-Defendants' expert witness Joe Card under Federal Rule of Civil Procedure ("FRCP") 37, arguing the parties did not "disclose[] [Mr.] Card as a potential witness . . . until May 14, 2012, when [they] served [their] pretrial disclosures[,]" after discovery had closed.(A & R's MIL No. 2, 3:14-19; A & R's MIL No. 3, 3:14-21.)

Plaintiff rejoins that "he was not required to [include]" Mr. Card in his initial disclosures since FRCP 26(a)(2)(A)(B)(i)[-](iv) governs the "[d]isclosure of expert testimony and witnesses," and Plaintiff "properly disclosed [Mr. Card]" pursuant to these rules. (Pl.'s Opp'n to A & R's MIL No. 2, 2:22-24, 3:21-27, 4:4-6.) Cross-Defendants counter that Mr. "Card's Expert report was served on A & R's counsel on September 8, 2011." (Cross-Defs.' Opp'n to A & R's MIL No. 3, 2:4-5.)

In its reply briefs, A & R argues "[w]hile it is true that there is a procedure for listing expert witnesses, this does not negate [the parties'] obligation to list all known witnesses in their initial disclosures." (A & R's Reply Brief in Supp. of MIL No. 2, 2:2-3; A & R's Reply Brief in Supp. of MIL No. 3, 2:3-4.) Concerning Cross-Defendants' disclosure, A & R further argues that the September 8, 2011 disclosure of Mr. Card's expert report was made solely by Plaintiff; "Cross-Defendants never served anything." (A & R's Reply Brief in Supp. of MIL No. 3, 2:4-8.)

"[FRCP] 26 requires parties to disclose the identity of any expert witness 'accompanied by a written report' detailing the opinions

the expert will express and the data on which he or she will rely, 'at the times and in the sequence that the court orders.'" Jarritos, Inc. v. Reyes, 345 Fed. Appx. 215, 217 (9th Cir. 2009)(quoting FRCP 26(a)(2)). In this case, the deadline to exchange initial expert disclosures was September 8, 2011. See Stipulation and Order to Am. the Scheduling Order to Extend Time to Disclose Expert Test., ECF No. 31.

A & R has not shown that Plaintiff did not timely disclose Mr. Card as an expert witness. Further, no party submitted Mr. Card's expert disclosure for the Court's consideration. Therefore, the Court cannot determine whether Cross-Defendants properly disclosed Mr. Card as an expert witness. For the stated reasons, the motion is DENIED.

**Motion in Limine No. 4**

A & R seeks to exclude "any testimony, evidence and argument regarding architectural features that are unrelated to Plaintiff's disability[,]" arguing "Plaintiff lacks standing to seek relief based on alleged ADA violations unrelated to his disability." (A & R's MIL No. 4, 2:2-4, 3:9-10.)

Plaintiff counters that "A & R simply fails to go beyond their blanket assertion to allege which specific barriers they contend to be unrelated to Feezor's disability and why." (Opp'n to A & R's MIL No. 4, 2:10-12.) Plaintiff further rejoins, "[r]egardless, A & R . . . ha[s] overlooked the fact that [Plaintiff] nonetheless has standing under the pled state law claims to remove even those barriers which are unrelated to his disability." Id. at 2:12-15.

This in limine motion involves law and motion issues filed after the prescribed last hearing date for such matters. Further, it is unclear what evidence is involved in this motion, since A & R does not identify the alleged architectural barriers at issue or how they are

unrelated to Plaintiff's disability. For the stated reasons, the motion is DENIED.

Dated:  July 11, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge